## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**BARBRA WARREN,**
**on behalf of herself and all others**
**similarly situated,**

      **Plaintiff,**

**v.**

                                        **Case No.:**

                                        **Division:**

**CONTINENTAL KITCHENS, INC. d/b/a**
**HARRY'S CONTINENTAL KITCHENS,**
**and HAROLD R. CHRISTENSEN, an individual,**

      **Defendants.**

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BARBRA WARREN, by and through undersigned counsel, on behalf of herself and on behalf of all others similarly situated, brings this action against Defendant, CONTINENTAL KITCHENS, INC. d/b/a HARRY'S CONTINENTAL KITCHENS and HAROLD R. CHRISTENSEN in his individual capacity ("Defendants"), and in support of her claims states as follows:

### JURISDICTION AND VENUE

1.     This is an action for damages under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 *et seq.*, and for damages under the Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. § 2601 *et seq.*

2.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3.     Venue is proper in this District, because all of the events giving rise to these claims occurred in this District.

## PARTIES

4.     Plaintiff is a resident of Sarasota County, Florida, and she worked in Manatee County.

5.     Defendant HARRY'S CONTINENTAL KITCHENS, INC. operates a restaurant in Manatee County.

6.     Defendant HARRY CHRISTENSEN is the proprietor of Defendant HARRY'S CONTINENTAL KITCHENS, INC.

## GENERAL ALLEGATIONS

7.     Plaintiff has satisfied all conditions precedent, or they have been waived.

8.     Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

9.     Plaintiff requests a jury trial for all issues so triable.

10.     At all times material hereto, Plaintiff and Members of the Collective Class were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

11.     At all times material hereto, Plaintiff and Members of the Class were "employees" of Defendant within the meaning of the FLSA.

12.     The putative class of similarly situated employees consists of all other restaurant employees of Defendant within the last three years. These similarly situated persons will be referred to as "Members of the Class" or "the Class."

13.     At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

14.  Defendant continues to be an "employer" within the meaning of the FLSA.

15.  At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

16.  At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

17.  Defendant HAROLD R. CHRISTENSEN is the Proprietor of Defendant HARRY'S CONTINENTAL KITCHENS, INC.

18.  As part of his duties, Defendant HAROLD R. CHRISTENSEN supervised Plaintiff, and exercised control over the wages, hours, and working conditions of Plaintiff and Members of the Class. Defendant HAROLD R. CHRISTENSEN also controlled the payroll practices of Defendant HARRY'S CONTINENTAL KITCHENS, INC.

19.  Through the exercise of dominion and control over all employee-related matters at Defendant HARRY'S CONTINENTAL KITCHENS, INC., in his individual capacity HAROLD R. CHRISTENSEN is also an "employer" within the meaning of the FLSA.

20.  Specifically, Plaintiff and the Class were not employed by Defendants in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff and Members of the Class had no authority to hire or terminate any other employee of Defendants; they had no special or professional qualifications and skills for the explicit use of which they were employed by Defendants; and they had no control whatsoever over Defendants' business operations, even from an administrative standpoint.

21.  Thus, Plaintiff and Members of the Class are "non-exempt employees" who are covered by the FLSA.

22. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

23. Plaintiff was an employee of Defendant, and she worked at least 1250 hours in the 12 months preceding her request for leave under the FMLA.

24. Thus, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

25. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

## FACTS

26. Named Plaintiff began working for Defendant on or about January 28, 2014, and she worked in this capacity until on or about October 7, 2016.

27. At all times material hereto, Plaintiff and Members of the Class worked hours at the direction of Defendant, and were not paid at least the applicable minimum wage for all of the hours worked.

28. Specifically, Defendant has been taking advantage of a tip credit which allows Defendant to include in its calculation of wages a portion of the amounts employees receive in tips.

29. Defendant required Plaintiff and Members of the Class to "tip out" 20% of their tips each shift to a tip pool controlled by Defendant.

30. Defendant required Plaintiff and Members of the Class to make "tip out" payments to the Manager on Duty, who does not customarily and usually receive tips.

31.     The Manager on Duty supervised employees, created employee schedules, called employees to report to their shifts, and controlled the working conditions of Plaintiff and Defendant's other employees.

32.     Defendant required Plaintiff and Members of the Class to participate in an illegal and mandatory tip pool (or tip sharing arrangement) which Defendant distributed to individuals who are not considered "customarily and regularly tipped employees." Therefore, Defendant forfeited its right to claim a tip credit adjustment to minimum wage obligations for each hour Plaintiff worked in the last three years.

33.     Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

34.     On or about October 7, 2016, Plaintiff suffered from a serious medical condition that qualified as a serious health condition within the meaning of the FMLA.

35.     Specifically, Plaintiff was diagnosed with chronic Achilles tendonitis and was advised by her doctor to stay off of her foot for a minimum of three days for care for herself.

36.     On or about October 7, 2016 Plaintiff notified Defendant of her need to take leave that day to care for herself.

37.     Despite Plaintiff's request, Defendant required Plaintiff to report to her shift on October 7, 2016.

38.     That same day, Plaintiff reported to her shift and submitted medical documentation to Defendant in support of her request for leave.

39.     Defendant failed to notify Plaintiff of her eligibility to take FMLA leave to care for herself.

40. On or about October 9, 2016, Defendant notified Plaintiff that her employment was terminated.

41. Plaintiff's employment was terminated for attempting to exercise her rights under the FMLA.

42. By terminating Plaintiff's employment, Defendant violated Plaintiff's rights under the FMLA.

## COLLECTIVE ACTION ALLEGATIONS
## (AS TO PLAINTIFF'S FLSA COUNT ONLY)

43. Plaintiff brings this case as an "opt-in" collective action on behalf of similarly situated employees of Defendants (the "Class") pursuant to 29 U.S.C. § 216(b). The Class is composed of all restaurant employees whom Defendants failed to compensate at minimum wage for all hours worked in accordance with the FLSA.

44. Therefore, notice is properly sent to: "All restaurant employees whom Defendants failed to compensate at minimum wage for all hours that they worked from January 2014 to the present."

45. The total number and identities of the Class Members may be determined from the records of Defendants, and the Class may easily and quickly be notified of the pendency of this action.

46. Plaintiff is similar to the Class because she and the Class have been unlawfully denied full payment of the minimum wage as mandated by the FLSA.

47. Plaintiff's experience with Defendants' payroll practices is typical of the experience of the Class.

48. Defendants' failure to pay minimum wage for all hours worked to the named Plaintiff or of the Class is common to the Class.

49. Overall, Plaintiff's experience as person who worked for Defendants is typical of the experience of the Class.

50. Specific job titles or job duties of the Class do not prevent collective treatment.

51. Although the issue of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendants' liability under the FLSA in this case.

**COUNT I – COLLECTIVE CLAIM FOR FLSA<br>MINIMUM WAGE VIOLATIONS<br>(AS AGAINST ALL DEFENDANTS)**

52. Plaintiff realleges and readopts the allegations of paragraphs 7 through 22 and 26 through 33 and 43 through 51 of this Complaint, as though fully set forth herein.

53. Defendants' policy and practice of requiring its tipped employees to tip out employees who do not customarily and regularly receive tips, violates the FLSA. 29 U.S.C. § 203(m).

54. During the statutory period Defendants violated the tip credit exception to the minimum wage provisions of the FLSA. Accordingly, Defendants are not permitted to take a tip credit.

55. Defendants knew or should have known that their policies and practices relating to tip pooling violates the FLSA.

56. Defendants have not made a good faith effort to comply with the FLSA.

57. Rather, Defendants have knowingly, willfully, and/or with reckless disregard, carried out, and continue to carry out illegal tip-pooling practices.

58. Plaintiff is entitled to the difference between the wage received by Plaintiff and the applicable minimum wage for all hours worked, in addition to the amount she was required to tip-out to Defendants' employees who are not customarily tipped.

59.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

60.     As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

(a)     Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable statutory minimum wage;

(b)     Judgment against Defendants, stating that Defendants' violations of the FLSA were willful;

(c)     An amount equal to Plaintiff's minimum wage damages as liquidated damages;

(d)     To the extent liquidated damages are not awarded, an award of prejudgment interest;

(e)     A declaration that Defendants' practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiffs;

(f)     All costs and attorney's fees incurred in prosecuting these claims; and

(g)     For such further relief as this Court deems just and equitable.

## COUNT II – FMLA INTERFERENCE
## (AS AGAINST DEFENDANT HARRY'S CONTINENTAL KITCHEN, INC. ONLY)

61.     Plaintiff realleges and readopts the allegations of paragraphs 7 through 9, 22 through 25 and 34 through 42 of this Complaint, as fully set forth herein.

62.     Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

63.     By failing to notify Plaintiff of her eligibility to take FMLA leave to care for herself, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2615(a)(1) and 2615(a)(2).

64.     Defendant's actions were willful and done with malice.

65.     Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(h)     That this Court enter a judgment, stating that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(i)     An injunction restraining continued violation of the FMLA by Defendant;

(j)     Compensation for lost wages, benefits, and other remuneration;

(k)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(l)     Front pay;

(m)     Liquidated Damages;

(n)     Prejudgment interest on all monetary recovery obtained;

(o)     All costs and attorney's fees incurred in prosecuting these claims; and

(p)     For such further relief as this Court deems just and equitable.

## COUNT III – FMLA RETALIATION
## (AS AGAINST DEFENDANT HARRY'S CONTINENTAL KITCHEN, INC. ONLY)

66.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 7 through 9, 22 through 25 and 34 through 42 of this Complaint, as fully set forth herein.

67.     Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

68.     Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise her FMLA rights.

69.     Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating her employment.

70.     Defendant's actions were willful and done with malice.

71.     Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a)     That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FMLA;

(b)     An injunction restraining continued violation of the FMLA by Defendant;

(c)     Compensation for lost wages, benefits, and other remuneration;

(d)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the

monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e)     Front pay;

(f)     Liquidated Damages;

(g)     Prejudgment interest on all monetary recovery obtained;

(h)     All costs and attorney's fees incurred in prosecuting these claims; and

(i)     For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 23rd day of January, 2017.

Respectfully submitted,

**DONNA V. SMITH**
Florida Bar Number: 661201
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue
Suite 300
Tampa, Florida  33602
Main Number: 813-224-0431
Direct Dial: 813-386-0995
Facsimile: 813-229-8712
Email: dsmith@wfclaw.com
Email: rcooke@wfclaw.com
**Attorneys for Plaintiff**